UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIDLAND LOGISTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 07 C 5780 |
| v. | ) |
| | ) Judge George M. Marovich |
| | ) |
| CHICAGO TRUCK DRIVERS, HELPERS | ) |
| AND WAREHOUSE WORKERS UNION | ) |
| (INDEPENDENT) HEALTH AND | ) |
| WELFARE FUND, and CHICAGO | ) |
| TRUCK DRIVERS, HELPERS AND | ) |
| WAREHOUSE WORKERS UNION | ) |
| (INDEPENDENT), | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Midland Logistics, Inc. ("Midland") filed in the Circuit Court of Cook County a three-count complaint against defendants Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Welfare Fund (the "Fund") and Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) (the "Union"). In its complaint, Midland asserted claims for conversion, constructive fraud and unjust enrichment. Defendants removed the case to this Court, asserting that plaintiff's claims are preempted by the Employee Retirement Income Security Act ("ERISA"). Defendants have moved to dismiss plaintiff's claims or, in the alternative, for summary judgment. For the reasons set forth below, the Court grants in part and denies in part defendants' motion.

**I.     Background**

The following facts are taken from plaintiff's sparse complaint.

The defendant Fund is a multi-employer ERISA welfare benefit plan. The Fund is sponsored by the Union.

Plaintiff Midland is an Illinois corporation. Its business is the movement of freight via trucks. According to the allegations in plaintiff's complaint, Midland is not a signatory to any collective bargaining agreement to which the Union is a party. Another entity, Stellman Inc. ("Stellman") is a party to a collective bargaining agreement with the Union and is obligated to contribute to the Fund. Stellman has been so obligated since at least 1998.

The connection between Stellman and Midland is not clear from the complaint. What is clear is that there is some connection. The complaint describes Stellman as a "shell corporation" that has not, since 1998, conducted any trucking or freight business. Still, Stellman and/or Midland have made contributions to the Fund over the years on behalf of employees. (Who employs said employees is not made clear in the complaint.) For example, the Union and/or the Fund have conducted audits to determine whether contributions were owed by Stellman on behalf of its employees. The Fund and/or the Union has sent bills to Midland for contributions to the Fund. Those bills were addressed to "Midland Dist/Stellman." From January 1998 through June 2007, Midland made fund contributions totaling $211,887.46. Midland made those contributions on behalf of Clether Robinson ("Robinson") and Vicki Gentile ("Gentile").

Robinson and Gentile each received, at different times, notices from the Fund that he or she was not covered by the Fund. In Gentile's case, the Fund sent her a letter in August 2007. In the letter, the Fund explained, "[t]o be eligible to receive benefits from the Fund a person must be an employee working in an occupation covered by a collective bargaining agreement. . .

. The Fund has determined that you are not an Employee as defined by the Plan." The Fund informed Gentile that she was not eligible for benefits and that the decision would be applied retroactively to February 1, 2003. In Robinson's case, the Fund sent him a letter on July 11, 2007. In the letter, the Fund informed Robinson that he was neither covered by the collective bargaining agreement nor eligible to receive benefits from the Fund. When Midland tendered to the Fund a check for COBRA benefits for Gentile and Robinson, the Fund returned the check.

Based on the Fund's determination that Robinson and Gentile are not employees, Midland has asserted claims for conversion, constructive fraud and unjust enrichment against the Fund and the Union. In Count I, plaintiff asserts that defendants converted Midland's assets when it accepted contributions and then denied COBRA benefits for Robinson and Gentile. In Count II, plaintiff asserts a claim for constructive fraud. Plaintiff asserts that defendant breached a duty by deceiving plaintiff into thinking it was obtaining some benefits in exchange for its contributions to the Fund. In Count III, plaintiff asserts that defendants were unjustly enriched when they accepted contributions and then failed to provide benefits.

## II. **Standard on a motion to dismiss**

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiffs' favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007)

(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice.  *Twombley*, 127 S.Ct. at 1964-1965.  A complaint must include enough factual allegations to "raise a right to relief above a speculative level."  *Twombley*, 127 S.Ct. at 1965.

**III.     Discussion**

Because ERISA's purpose is to "provide a uniform regulatory regime over employee benefit plans," ERISA contains "expansive" preemption provisions.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).  Section 514(a) of ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144.  The preemption extends not just to state statutes but also to state causes of action that "relate to" ERISA plans.  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987).  In a nutshell:

> any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.

*Davila*, 542 U.S. at 209.

Here, plaintiff asserts claims for conversion, constructive fraud and unjust enrichment, all based on the theory that the defendants should not be allowed to keep the welfare plan contributions if they are not going to provide the corresponding welfare benefits.  As such, plaintiff's claims are essentially either (1) claims for denial of benefits under § 502(a)(1)(B) of ERISA or (2) claims for refund of improperly paid ERISA plan contributions.  *See* 29 U.S.C. § 1132(a)(1)(B); *UIU Severance Pay Trust Fund v. Local Union No. 18-U*, 998 F.2d 509, 512-513 (7th Cir. 1993) (authorizing cause of action under ERISA for return of mistakenly-paid ERISA

plan contributions).  As such, they duplicate or supplement claims under ERISA and are pre-empted.  *Davila*, 542 U.S. at 209; *cf. Central States, SE and SW Areas Health and Welfare Fund v. Neurobehavioral Assoc., P.A.*, 53 F.3d 172, 175 (7th Cir. 1995).  Accordingly, plaintiff's state law claims are dismissed with prejudice.

Normally, the Court would allow plaintiff to amend his complaint to state proper ERISA causes of action.  Defendants, however, argue that plaintiff's ERISA claims should be dismissed for failure to exhaust administrative remedies.  The Court agrees.

Courts generally require exhaustion of administrative remedies before allowing litigants to file claims for alleged ERISA violations.  *See Powell v. AT&T Communications, Inc.*, 938 F.2d 823, 825 (7th Cir. 1991).  The exhaustion requirement "furthers the goals of minimizing the number of frivolous lawsuits, promoting non-adversarial dispute resolutions and decreasing the cost and time necessary for claim settlement . . . and enables the compilation of a complete record."  *In re: Household Int'l Tax Reduction Plan*, 441 F.3d 500, 501 (7th Cir. 2006) (quoting *Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 808 (7th Cir. 2000)).  Courts have the discretion to allow ERISA claims to proceed without exhaustion of administrative remedies where such exhaustion would be futile, but plaintiff has not argued that exhaustion would be futile in this case.  Where a party has failed to exhaust his administrative remedies, dismissal is appropriate.  *Zhou v. Guardian Life Ins. Co. of Amer.*, 295 F.3d 677 (7th Cir. 2002). Accordingly, the Court dismisses plaintiff's case without prejudice to plaintiff's right to refile his ERISA claims in federal court after he exhausts his administrative remedies.

Because the Court has granted defendants' motion to dismiss, the Court denies as moot defendants' alternative motion for summary judgment. The Court notes that it would have, in any event, denied the motion for summary judgment for failure to comply with Local Rule 56.1.

## IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendants' motion. The Court dismisses with prejudice plaintiff's state law claims for conversion, constructive fraud and unjust enrichment. The Court dismisses without prejudice plaintiff's ERISA claims. Case dismissed.

ENTER:

George M. Marovich
United States District Judge

DATED: April 4, 2008